SAM WILLIAMS *v.* THE STATE.

1. ASSAULT — CHARGE OF THE COURT. — Defining assaults, the court below gave to the jury the following instruction: "When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to raise a reasonable doubt as to the guilty intention. The injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind." *Held,* that, this instruction being nearly in the language of the statute, and the difference being in the defendant's favor, there can be no error in it to his prejudice.

2. NEW TRIAL. — To warrant a new trial on account of newly-discovered evidence, the showing of diligence must be credible. It is not reasonable to believe that, under ordinary circumstances, a man charged with a serious offense remained for years, and until he was tried and convicted, ignorant that his wife could testify to important facts in his defense.

APPEAL from the District Court of Falls. Tried below before the Hon. L. C. ALEXANDER.

It appears by the record that the brother of the appellant was examined at the trial.

No brief for the appellant.

*W. B. Dunham,* for the State.

ECTOR, P. J. The defendant was convicted of an assault with intent to murder one Jackson Williams, and his punishment assessed at five years in the penitentiary. The indictment follows the usual precedents in such cases, and is unobjectionable. No exceptions were taken to the charge of the court, nor were any additional instructions asked.

The first ground set out in the motion for a new trial is that the court erred in the second instruction to the jury. That instruction is as follows:

" 2. When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to raise a reasonable doubt as to the

guilty intention. The injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind."

That instruction was quite as favorable to the defendant as he was entitled to. It is almost in the language of the statute, the difference being in his favor. Pasc. Dig., art. 2138.

The newly-discovered evidence upon which a new trial was asked was in the knowledge of the wife and the brother of defendant, and two years had elapsed between the presentment of the grand jury and the defendant's trial. One of these witnesses was examined on the trial. It is unreasonable to suppose, when a charge of so serious a nature had been pending for two years against defendant, and when his wife and brother knew facts so material to aid him in his defense, that their evidence was not discovered by defendant until after his conviction by the jury. This story was too incredible to impose upon the court. The court acted properly in overruling the motion for a new trial, and also the motion in arrest of judgment.

The facts abundantly sustain the conviction. The judgment of the lower court is, therefore, affirmed.

*Affirmed.*